**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Keith D. GILBERT, Defendant–Appellant.**

No. 07–30153.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2008.

Submission Withdrawn March 14, 2008.

Resubmitted July 9, 2008.

Filed July 15, 2008.

Mark N. Bartlett, Esq., Helen J. Brunner, Esq., Robert Henry Westinghouse, Esq., Andrew C. Friedman, Esq., Carl A. Colasurdo, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Walter G. Palmer, Esq., Walter G. Palmer Inc., PS, Seattle, WA, for Defendant–Appellant.

Before: B. FLETCHER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM *

Keith Gilbert appeals his jury conviction on one count of conspiracy to manufacture unregistered firearms in violation of 18 U.S.C. § 371, one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), seven counts of possession of a machinegun in violation of 18 U.S.C. § 922(o ), and two counts of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). Gilbert challenges the refusal of a requested jury instruction, the propriety of a given jury instruction, and the court's exclusion of testimony regarding his beliefs about the Second Amendment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Gilbert's criminal history includes felony convictions which prevent him from possessing firearms, including two separate 1966 convictions, one for receiving stolen property and unlawful possession of explosives, and another for assault with a deadly weapon. Between 2003 and 2004, a police informant made four controlled purchases of AK rifles from Gilbert. Portions of all of the transactions were recorded and agents conducted surveillance during the last three transactions. In 2005, a search of Gilbert's residence yielded approximately 70 firearms, multiple firearm parts, over 23,000 rounds of ammunition, and books and videos about firearms.

At trial, Gilbert admitted to participating in each of the four controlled purchases and testified that he knew the buyer was acting as an informant. Gilbert maintains that he sold the guns to the informant intentionally, to challenge the constitutionality of firearms laws. Gilbert attempted several times to testify, twice successfully, that he believed the Second Amendment gave an individual the right to bear arms. Each time, the court sustained government counsel's objections and instructed the jury to disregard Gilbert's answers.

The court also denied Gilbert's request for an additional jury instruction to the effect that the Second Amendment affords an individual right to possess firearms for personal use. The final jury instructions included, at the government's request, the following instruction:

A person does not have the right under the Second Amendment, or under any other provision of the Constitution, to possess a machinegun. A person does not have a right, under the Second Amendment, or under any other provision of the Constitution, to possess a rifle with a barrel shorter than 16 inches that the person has not registered in the National Firearms Registration and Transfer Record.

I. Jury Instructions

Gilbert argues that the district court erred by giving this instruction and refusing to instruct the jury that the Second Amendment affords an individual right to possess firearms for personal use. We review de novo the district court's refusal to give a defendant's jury instructions when that decision is based on a question of law. *See United States v. Eshkol,* 108 F.3d 1025, 1028 (9th Cir.1997). A district court's formulation of jury instructions is reviewed for an abuse of discretion. *See United States v. Shipsey,* 363 F.3d 962, 966 n. 3 (9th Cir.2004); *United States v. Garcia–Rivera,* 353 F.3d 788, 791–92 (9th Cir. 2003) ("In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation.").

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Although a defendant is entitled to have the judge instruct the jury on his theory of defense, that theory must be supported by law and have some foundation in the evidence. *United States v. Kayser,* 488 F.3d 1070, 1073 (9th Cir.2007).

■ We conclude that the challenged instruction did not make the instructions as a whole misleading or inadequate to guide the jury's deliberation. *Garcia–Rivera,* 353 F.3d at 792. The district court's instructions were particularly appropriate to rebut inferences created by Gilbert's counsel's statements that Gilbert believed the Second Amendment allowed him to possess, sell, and manufacture firearms, Gilbert's stricken statements about his beliefs regarding the Second Amendment, and his statement that he was challenging the constitutionality of the law. The Supreme Court's recent decision in *District of Columbia v. Heller,* 554 U.S. ——, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), holding that the Second Amendment protects a limited individual right to possess a firearm—unconnected with service in a militia—does not alter our conclusion. Under *Heller,* individuals still do not have the right to possess machineguns or short-barreled rifles, as Gilbert did, and convicted felons, such as Gilbert, do not have the right to possess any firearms. *Id.,* 128 S.Ct. at 2802.

## II. Exclusion of Testimony

Gilbert also argues that the district court erred by preventing him from testifying as to his understanding and beliefs concerning the Second Amendment. Gilbert maintains that by sustaining the government's objections to his attempt to testify to that effect, the court prevented him from presenting a defense. We review a district court's ruling excluding evidence for abuse of discretion. *See United States v. Plancarte–Alvarez,* 366 F.3d 1058, 1062 (9th Cir.2004).

■ In firearms prosecutions, the government is not required to prove that a defendant knew that his possession of the firearms at issue was unlawful. *United States v. Freed,* 401 U.S. 601, 607, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1971). Accordingly, the charges against Gilbert did not require, as an element of proof, evidence that Gilbert knowingly broke the law, only that he knowingly possessed weapons and knew the characteristics of those weapons. The only elements of proof which required inquiry into Gilbert's mental state were met: the government proved that Gilbert joined the conspiracy knowing its object and intending to accomplish it, and that he knowingly possessed machineguns and a rifle with a barrel less than 16 inches in length. Thus we conclude that the district court acted well within its discretion to exclude Gilbert's testimony regarding his beliefs about the Second Amendment as inadmissible under Fed.R.Evid. 402. For the same reason, we conclude that the district court's exclusion of Gilbert's testimony did not violate his right to present a witness in his own defense.

**AFFIRMED.**